IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNULFO NUNEZ-VILLANUEVA, | : | MOTION TO VACATE |
| BOP No. 58705-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-CV-4002-TWT-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:06-CR-529-1-TWT-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Arnulfo Nunez-Villanueva's pro se "Motion Pursuant [to] 28 U.S.C. § 2255," the Government's Response, and Nunez-Villanueva's Reply. [Doc. Nos. 152, 154, 160]. For the following reasons, the undersigned recommends that Nunez-Villanueva's § 2255 motion be dismissed as untimely and a certificate of appealability be denied.

In June 2007, Nunez-Villanueva pled guilty to serious drug charges. See [Doc. No. 96-1]. In October 2007, the Honorable Thomas W. Thrash, Jr. sentenced Nunez-Villanueva to a 292-month term of imprisonment. See [Doc. No. 131]. Nunez-Villanueva appealed. See [Doc. Nos. 133, 134]. On June 2, 2008, the United States Court of Appeals for the Eleventh Circuit dismissed Nunez-Villanueva's appeal. See [Doc. No. 149]. Judgment against Nunez-Villanueva became final on September 1, 2008, when the 90-day period he had for filing a petition for certiorari in the Supreme

Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13 & 30.1.

In October 2008, Nunez-Villanueva filed a pro se motion "asking this Honorable Court to send him the required transcripts to litigate his case under 28 U.S.C. § 2255." [Doc. No. 150 at 1]. Judge Thrash denied that motion in December 2008. See [Doc. No. 151].

In November 2011, more than three years after his convictions became final, Nunez-Villanueva signed and submitted the § 2255 motion that is now pending before the Court. [Doc. No. 152]. Nunez-Villanueva acknowledged that his § 2255 motion is untimely unless he is entitled to equitable tolling of the applicable one-year limitations period. See [id. at 8-9]; see also 28 U.S.C. § 2255(f).[1]

The two principal arguments that Nunez-Villanueva makes in support of his request for equitable tolling are, first, that he

---

[1] In the final paragraph of his Reply, Nunez-Villanueva contended, for the first time, that his § 2255 motion is timely because § 2255(f)(3) - rather than § 2255(f)(1) - applies in the wake of the Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012). This argument is without merit. Neither of those decisions recognized new rights or was made retroactively applicable to cases on collateral review. See In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) ("Frye and Lafler did not announce new rules"); see also In re King, 687 F.3d 1189, 1189 (5th Cir. 2012) ("we agree with the Eleventh Circuit's determination . . . that Cooper and Frye did not announce new rules of constitutional law").

2

was unaware until recently that post-conviction relief might be available to him under § 2255, and, second, that he has been hampered in pursuing post-conviction relief because he does not speak English. [Doc. No. 160 at 2].

To be entitled to equitable tolling in a post-conviction case, a litigant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis deleted). Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and Nunez-Villanueva bears the burden of showing that it is warranted. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). Neither of Nunez-Villanueva's arguments in this case demonstrates that he is entitled to equitable tolling.

Nunez-Villanueva's first argument – that he was unaware that he could apply for relief under § 2255 until recently – can be rejected for at least two reasons. First, it does not satisfy either of Holland's two requirements; "ignorance" is not a basis for equitable tolling. Second, even if ignorance were sufficient, the record plainly refutes Nunez-Villanueva's contention that he

3

was unaware until 2011 that he could collaterally attack his sentence under § 2255. As noted above, Nunez-Villanueva filed a pro se motion in October 2008 "asking this Honorable Court to send him the required transcripts to litigate his case under 28 U.S.C. § 2255." [Doc. No. 150 at 1]. Thus, it is clear that Nunez-Villanueva has been aware since at least October 2008 - immediately after his conviction became final - that he could collaterally attack his conviction and sentence under § 2255. No equitable tolling is warranted on this basis.

Nunez-Villanueva's second argument - that he has been hampered in pursuing post-conviction relief under § 2255 because he cannot speak English – also does not warrant equitable tolling. First, although federal circuit courts are split on whether inability to speak English constitutes an "extraordinary circumstance," compare Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011) ("inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling") (citing Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008), and Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006)) with Yang v. Archuleta, 525 F.3d 925, 930 n.9 (10th Cir. 2008) (declining to decide the issue, but criticizing determinations that a "language barrier" constitutes an "extraordinary circumstance"), the Eleventh Circuit has explicitly

4

declined to treat "difficulties with the English Language" as an "extraordinary circumstance." See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005).

Second, while "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citations omitted), Nunez-Villanueva has not demonstrated that he exercised any diligence at all. Unlike Holland, for example, who "wrote his attorney numerous letters seeking crucial information and providing direction[,] . . . repeatedly contacted the state courts, their clerks, and the . . . Bar Association in an effort to have [his attorney] – the central impediment to the pursuit of his legal remedy - removed from his case[, and who] the very day that [he] discovered that his AEDPA clock had expired due to [his attorney's] failings, . . . prepared his own habeas petition pro se and promptly filed it with the District Court," id. (emphasis in original), Nunez-Villanueva did nothing "until October 2011 [when] an inmate here who speaks [E]nglish and [S]panish told me that I should file a 2255," [Doc. No. 152 at 10].

Nunez-Villanueva acknowledges that when his conviction became final in 2008, he was incarcerated in the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), and a bilingual inmate assisted him in preparing a request for transcripts. See

5

[Doc. No. 160 at 2]. The express purpose of that request was "to litigate his case under 28 U.S.C. § 2255." [Doc. No. 150 at 1]. After that request was denied in December 2008, Nunez-Villanueva remained at USP-Atlanta but took no further action to pursue § 2255 relief. Only after he was transferred to the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), and by happenstance met a bilingual inmate in 2011 who encouraged him to seek § 2255 relief, did Nunez-Villanueva do more. See [Doc. No. 160 at 3]. Nunez-Villanueva justifies this "wait and see" approach by alleging that "FCI-Ashland has no law books in Spanish [and] has a very small amount of bilingual inmates," but he identifies no affirmative steps he took to seek assistance sooner. See [Doc. No. 160 at 3]. These "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling," San Martin, 633 F.3d at 1268, but even if they were, they do not demonstrate "reasonable diligence."

Because Nunez-Villanueva cannot demonstrate that his three-year delay in filing a § 2255 motion resulted from "extraordinary circumstances" and occurred despite his exercise of "reasonable diligence," he is not entitled to equitable tolling. Therefore, the undersigned therefore **RECOMMENDS** that Nunez-Villanueva's § 2255 motion [Doc. No. 152] be **DENIED** at time-barred.

6

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. fol. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation

7

marks omitted)). Nunez Villanueva has not demonstrated that he is entitled to federal habeas relief, that enforcement of the one-year limitations period is incorrect, or that both issues are reasonably debatable.

The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 28th day of May, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE